UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| REGGIE D. BLAIR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:13-cv-00755 |
| | ) JUDGE CRENSHAW |
| DERRICK NELSON, *et al.*, | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's late-filed thirteenth motion in limine (Docs. No. 151, 159), third motion for a directed verdict (Doc. No. 155), and Defendants' late-filed third motion in limine (Docs. No. 169, 170). For the following reasons, in addition to the reasons given from the bench on August 2, 2016, all motions are **DENIED**. Further, Plaintiff's case against Laniqua Osborne is **DISMISSED WITHOUT PREJUDICE**.

Under the Court's previous order, all motions in limine were required to be filed on or before July 8, 2016, and responses were due on or before July 14, 2016. (Doc. No. 90.) Plaintiff filed twelve timely motions in limine and two motions for a directed verdict, and Defendants filed two timely motions in limine. The Court held its pretrial conference and ruled on the pending motions.

In accordance with the Court's scheduling order, Plaintiff also filed timely proposed jury instructions. (Doc. No. 139.) In it, he included an instruction called "That Which Shall Not Be Named," asking the jury to determine whether Defendants intentionally allowed evidence to be destroyed in this case. (Id. at 7.) Plaintiff has never raised this issue before, did not cite any authority for this jury instruction, and did not file a motion in limine with support for this

instruction to be given. (Id.); See Local Rule 51.01 ("All requests for jury instructions . . . must contain citations of supporting authorities made in conformance with Rule 7.01(e)."). At the pretrial conference, Plaintiff, for the first time, raised the allegation that Defendant told a third-party, trackyourtruck.com, to destroy evidence of Derrick Nelson's truck's speed prior to trial.

Rather than rule on a motion that has not been fully briefed, the Court instructed Plaintiff to file a proper motion on that issue. (Doc. No. 147 at 2 ("If Plaintiff intends to ask for this jury instruction, he shall file a motion on or before July 26, 2016 regarding his request.")). The Court stated from the bench that it additionally needed briefing on whether the Tennessee statute was procedural or substantive. However, rather than briefing that issue, Plaintiff filed a motion for an adverse jury instruction that the jury may imply that Defendant's truck was speeding, among other things. (Doc. No. 151.) Plaintiff never filed a motion regarding the "That Which Shall Not Be Named" jury instructions.

First, Plaintiff's motion is past the time allowed in the Court's scheduling order. (Doc. No. 90.) Plaintiff's motion requests a jury instruction not previously requested and outside the Court's scheduling order, in violation of Local Rule 51.01, which states that all "requests for jury instructions shall be filed in accordance with the deadlines established in the case management order or by the Trial Judge." Therefore, Plaintiff's motion for an adverse jury instruction is **DENIED**.

Further, regarding Plaintiff's request for the jury instruction "That Which Shall Not Be Named," the Court required the parties to provide in the pretrial order "a succinct statement of the relief sought" and "a summary of any anticipated evidentiary disputes." (Doc. No. 82 at 1.) This jury instruction involves an evidentiary dispute and a relief sought—lifting the compensatory damages cap—yet it is not contained in the Pretrial Order. (Doc. No. 146.) Additionally, Local

Rule 51.01 requires requests for jury instructions to "contain citations of supporting authorities made in conformance with Rule 7.01(e)," which Plaintiff did not do. Finally, Plaintiff did not follow the instructions given from the bench at the pretrial conference or in the Court's order regarding this jury instruction. Therefore, Plaintiff's request for the jury instruction "That Which Shall Not Be Named" is **DENIED**.

On the merits, the Court would deny both Plaintiff's motion for an adverse jury instruction and request for the "That Which Shall Not Be Named" jury instruction because there is no evidence that the deletion of the trackyourtruck.com information was intentional. See TENN. CODE ANN. § 29-39-102(h)(2) ("If the defendant intentionally . . . destroyed . . . records containing material evidence with the purpose of wrongfully evading liability in the case at issue . . . ."). While the Court finds it troubling that Defendants saw the trackyourtruck.com information and did not give a copy to Plaintiff, Plaintiff did not depose Southeastern Logistics, LLC's, corporate representative or ask the corporate representative why the company did not turn over the documents. See FED. R. CIV. P. 30(b) (allowing a party to give notice of a deposition and require the deponent to produce documents). The Court cannot infer that the deletion of the trackyourtruck.com information was intentional, especially when Plaintiff had more than sufficient opportunity to depose a Southeastern Logistics, LLC, corporate representative to determine what happened.

Additionally, Robert J. Hall offered for Plaintiff's counsel to check the archived databases for the information regarding the truck on August 11, 2014. (Doc. No. 163-1 at 1.) Plaintiff never filed a motion to compel that information from Defendants, but instead filed this motion for an adverse jury instruction on the eve of trial—two years later. Because Plaintiff had plenty of opportunity to show that the deletion of the trackyourtruck.com data was intentional and did not do so, the Court further denies the motion on the merits.

Regarding Defendants' third motion in limine (Docs. No. 169, 170), Plaintiff avers that the jury award "is what Mr. Blair will have to pay for his medical care." (Doc. No. 172 at 3.) Therefore, this would qualify as compensatory damages under both cases that Defendants cite because they are "reasonable and necessary" medical expenses. For this additional reason, Defendants' third motion in limine is **DENIED**.

Third, Plaintiff filed a third motion for a directed verdict. (Doc. No. 155.) In this motion, Plaintiff alleges that Defendants violated the Federal Motor Carrier Safety Regulations, 49 C.F.R. § 396.3. (Id.) However, this claim for relief is not contained in the Pretrial Order, which supplants the pleadings. (Doc. No. 146.) Therefore, this claim for relief is not proper to bring before the jury, and the motion for directed verdict is **DENIED**.

Last, Plaintiff's case against Laniqua Osborne is **DISMISSED WITHOUT PREJUDICE** for failure to execute service of process. FED. R. CIV. P. 4(m). On October 6, 2015, Plaintiff amended his complaint to add third-party defendant Laniqua Osborne. (Doc. No. 73.) After amending his complaint, Plaintiff filed a notice that the summons was returned executed against Osborne on April 4, 2016. (Doc. No. 78.) Osborne never entered a notice of appearance in the case, and the Court asked the Clerk to determine whether she was in default. (Doc. No. 90.) On July 25, 2016, the Clerk denied default because she was never properly served at her correct address. (Doc. No. 158.)

On the morning of trial on August 2, 2016, the Court asked the parties why Ms. Osborne should not be dismissed from the case for failure to perfect service. The parties did not have good cause, and the Court ordered that she be dismissed from the case. This does not affect Defendants' ability to use the comparative fault defense—only the ability of Plaintiff to collect a judgment from Osborne after the jury judgment. See Mann v. Alpha Tau Omega Fraternity, 380 S.W.3d 42, 50

(Tenn. 2012) (finding that the purpose of the statute is to allow Plaintiff a reasonable opportunity to collect a judgment from a third-party defendant who is also a tortfeasor).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE