UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| REGGIE D. BLAIR, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 3:13-cv-00755 |
| | ) | JUDGE CRENSHAW |
| DERRICK NELSON, *et al.*, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Two more evidentiary issues were raised at trial on August 3, 2016. The Court took both issues under advisement. For the reasons below, in addition to the reasons given from the bench on August 4, 2016, the Court will not allow Plaintiff's vocational expert to mention Plaintiff's criminal history, and will allow Defendant to read Ms. Osborne's deposition to the jury.

I. VOCATIONAL EXPERT

Plaintiff is calling a vocational expert to discuss his lost earning potential as a result from the car crash at issue in this case. In accordance with the Court's instructions, Plaintiff expected that the vocational expert would read her report to the jury, and then Defendant would have open cross-examination. On page four of the report, the vocational expert wrote, "Mr. Blair's prior criminal history would render him limited in the *kind* of work he could perform." Plaintiff is attempting to strike the word "criminal," in accordance with the Court's ruling on his motion in limine that Plaintiff's criminal history would not be admissible.

The mention of Plaintiff's criminal history is not relevant in this case. FED. R. EVID. 401. Defendants argues that the mention of Plaintiff's criminal history is relevant as to the extent of Plaintiff's earning potential. However, the vocational expert would only testify that the prior

criminal history limits him on the kind of work—not the earning potential of the work that Plaintiff could find. Rather, on page five of her report, she uses the average male with Plaintiff's education to determine his lost earning potential. Therefore, the Court finds that the mention of criminal history is not relevant because it does not have a "tendency to make a fact more or less probable that it would be without the evidence," nor is the fact "of consequence in determining the action." FED. R. EVID. 401.

Even if the criminal history were relevant in some way, the mention of Plaintiff's criminal history would be extremely prejudicial to Plaintiff as compared to its little-to-no probative value. Therefore, the Court excludes this evidence under Federal Rule of Evidence 403 as well.

II. MS. OSBORNE

The Court is once again asked to determine how to proceed regarding Ms. Osborne. The history of this case regarding Ms. Osborne is well-documented. It started when Defendants amended their answer to the third amended complaint to include a comparative fault defense against Ms. Osborne, the driver of the car at the time of the crash. (Doc. No. 69.) Pursuant to Tennessee law, Plaintiff amended its complaint to add Ms. Osborne as a third-party defendant in his fourth amended complaint. (Doc. No. 73.) Six months later, Plaintiff returned a putative executed summons to Ms. Osborne. (Doc. No. 78.) As of this time, Ms. Osborne was required to make an appearance and attend all court proceedings, including trial.

Ms. Osborne never did enter an appearance, and on June 2, 2016, the Court asked the Clerk to determine whether Ms. Osborne was in default. (Doc. No. 90.) Meanwhile, Plaintiff served Ms. Osborne with a subpoena to testify at trial. (Doc. No. 116.) However, on July 25, 2016, the Clerk denied default as to Ms. Osborne because Plaintiff never properly served her with the complaint. (Doc. No. 158.) As a result, after notice to the parties, the Court dismissed Ms. Osborne from the

2

case on the morning of the first day of trial. (Doc. No. 176.) Additionally, Plaintiff informed the Court on the first day of trial that he released her from her subpoena because he would not call her at trial.

On August 3, 2016, Defendants—who wish to either examine Ms. Osborne or read her deposition at trial—attempted to serve her with a subpoena. (Doc. No. 180.) However, they did not personally serve her with a subpoena, but instead served a male over eighteen-years-old in her house. (Id.) This does not perfect service as to Ms. Osborne under Federal Rule of Civil Procedure 45(b)(1). Therefore, as of this time, Ms. Osborne is not under a subpoena to testify and is not a party of this action.

Despite failing to serve Ms. Osborne with a subpoena, the Court may still allow Defendants to read her deposition "on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used." FED. R. CIV. P. 32(a)(4)(E). Here, there are exceptional circumstances for Ms. Osborne not testifying. Primarily, it was Plaintiff's duty to serve Ms. Osborne with the Complaint. While he indicated that they executed service on her, he served Ms. Osborne at the wrong address. Next, Plaintiff indicated that Ms. Osborne was under subpoena, but then released her from the subpoena the weekend before trial, informing the Court and opposing party the morning of trial. Frankly, it is both parties' fault that Ms. Osborne is not here, which indicates that her participation and testimony is important, relevant and highly relevant to the issues at trial. The Court agrees that in this comparative negligence case her live testimony will be very helpful to the trier of fact. Based on the entire record, the Court finds that exceptional circumstance exists to justify and advance the "interests of justice" to support the reading of Ms. Osborne's deposition. It is extremely important for the jury to hear the live testimony of Ms.

3

Osborne, who was driving the car at the time of the incident. Therefore, on Defendants' oral motion and notice to Plaintiff, the Court will allow Defendants to read Ms. Osborne's deposition at trial.[1]

III. CONCLUSION

For the foregoing reasons, the Court will not allow the vocational expert to mention Plaintiff's criminal history, and will allow Defendants to read Ms. Osborne's deposition to the jury.

IT IS SO ORDERED.

                                 _____
                                 WAVERLY D. CRENSHAW, JR.
                                 UNITED STATES DISTRICT JUDGE

---

[1] Although Defendants did not cite the correct rule in his oral motion, the labeling of Defendants' motion is a technicality that should be overlooked so long as the other party was on notice to what Defendants were arguing. See Satkowiak v. Bay Cnty. Sheriff's Dept., 47 Fed. Appx. 376 (6th Cir. 2002) (construing a motion to dismiss as a motion for judgment on the pleadings after Defendant mislabeled his motion). Here, based on the motion made outside the presence of the jury on August 3, 2016, and the Court's ruling that it would decide the issue the following morning, both parties were on notice of what was at issue in Defendants' motion.